**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LYONDELL CHEMICAL COMPANY, *et al*., | ) Case No.  09-10023 (REG) |
| | ) |
| Debtors. | )  Chapter 11 |
| | ) |
| EDWARD S. WEISFELNER, AS TRUSTEE OF THE LB CREDITOR TRUST, | ) |
| | ) |
| | ) Adv. Pro. 10-04609 (REG) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| FUND 1, *et al*., | ) |
| | ) |
| Defendants. | ) |
| EDWARD S. WEISFELNER, AS TRUSTEE OF THE LB CREDITOR TRUST, | ) |
| | ) |
| | ) Adv. Pro. 12-01570 (REG) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| STUART REICHMAN, *et al*., | ) |
| | ) |
| Defendants. | ) |
| EDWARD S. WEISFELNER, AS TRUSTEE OF THE LB LITIGATION TRUST, | ) |
| | ) |
| | ) Adv. Pro. 10-05525 (REG) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| HOFMANN, *et al*., | ) |
| | ) |
| Defendants. | ) |

**CASE MANAGEMENT ORDER**

WHEREAS, on April 9, 2014, the Plaintiffs filed a Third Amended Complaint in the

adversary proceeding captioned *Weisfelner v. Fund 1*, *et al*., Adv. Pro. No. 10-04609 (the "**Fund**

**1 Action**"), a Second Amended Complaint in the adversary proceeding captioned *Weisfelner v. Hofmann*, *et al*., Adv. Pro. No. 10-05525 (the "**Hofmann Action**"), and an Amended Complaint in the adversary proceeding captioned *Weisfelner v. Reichman*, *et al*., Adv. Pro. No. 12-01570 (the "**Reichman Action**") (collectively, the "**Amended Complaints**");

WHEREAS, on May 8, 2014, the Plaintiff in the Hofmann Action (the "**Litigation Trust**") filed a Motion for Class Certification (the "**Class Certification Motion**");

WHEREAS, on May 15, 2014, Plaintiffs and certain Defendants in the Fund 1 Action, Hofmann Action, and Reichman Action (collectively, the "**Actions**"), acting through counsel, met and conferred regarding a proposed schedule to respond to the Amended Complaints and the Class Certification Motion, for discovery, and with respect to other issues;  and

WHEREAS, on May 29, 2014, the Court held an on-the-record status conference in the Actions;

NOW THEREFORE, IT IS HEREBY ORDERED THAT:

I.      **Motions to Dismiss**

      A.      Omnibus Motions to Dismiss.

            1.      Defendants shall file a motion to dismiss the Amended Complaints on any omnibus grounds (the "**Omnibus Motion to Dismiss**") on or before July 30, 2014 (or such later date as the parties may mutually agree upon).  An "omnibus ground" shall refer to any ground for dismissal of one or more claims in any of the Actions that is applicable to all Defendants in such Action and may include, but is not limited to, the ground that the Litigation Trust has not adequately alleged an intentional fraudulent transfer claim under Section 548(a)(1)(A) of the Bankruptcy Code in the

2

Hofmann Action and the Plaintiff in the Fund 1 Action and the Reichman

Action has not adequately alleged an intentional fraudulent transfer claim

under state law.  Except as otherwise provided in this Order, Defendants

shall file a single opening brief in support of the Omnibus Motion to

Dismiss, which brief shall not exceed 60 pages in length.

2.      Plaintiffs shall file a single brief in opposition to the Omnibus Motion to

Dismiss on or before September 15, 2014 (or such later date as the parties

may mutually agree upon).  Plaintiffs' brief shall not exceed 60 pages in

length.

3.      Defendants shall file a single reply brief in further support of the Omnibus

Motion to Dismiss on or before October 22, 2014 (or such later date as the

parties may mutually agree upon).  Defendants' reply brief shall not

exceed 30 pages in length.

4.      The Omnibus Motion to Dismiss shall be deemed filed on behalf of all

Defendants in the Actions unless a Defendant opts out of joining such

motion by filing a notification of such intention on the public docket of the

applicable Action(s) on or before August 7, 2014.

5.      Any Defendant who wishes to file a separate brief with respect to any

omnibus ground must file, by August 14, 2014, a sworn affidavit,

declaration or affirmation, no longer than five pages, by such Defendant's

counsel explaining why the single opening brief filed as set forth in

paragraph I.A.1 above in support of the Omnibus Motion to Dismiss either

does not adequately address the omnibus ground or why such Defendant's

3

interests differ sufficiently to justify its filing of a separate brief addressing an omnibus ground for dismissal. The Plaintiffs shall have the right to respond, by no later than August 28, 2014, to any such separate affidavit, declaration or affirmation that is filed requesting leave to file a separate brief; provided, however, any such response shall be no longer than the affidavit, declaration or affirmation to which it responds. The Court will issue a subsequent order with respect to any request to file a separate brief (and with respect to the filing of any reply thereto and/or further briefing).

B.    Other Defenses.

1.    Notwithstanding Rule 12 of the Federal Rules of Civil Procedure, no potential defense (including, without limitation, lack of personal jurisdiction, insufficiency of service of process, or any other non-omnibus ground for dismissal of the complaint in any or all of the Actions) shall be waived by a Defendant's failure to assert any such potential defense in the Omnibus Motion to Dismiss. All such potential defenses are hereby preserved.

2.    Plaintiffs and any interested Defendants shall promptly meet and confer to discuss protocols to address, efficiently and without undue cost, defenses asserted by any Defendant that contends it (i) is a "conduit" within the meaning of the Court's January 14, 2014 Opinion and Order (a "**Conduit**"), (ii) did not, for its own account, receive directly or indirectly, any merger consideration (a "**Non-Transferee**"), or (iii) is a domestic

4

sovereign immune from liability pursuant to the Eleventh Amendment of the United States Constitution in the Fund 1 Action. As soon as practicable after such meet and confer, the parties shall jointly file any such agreed protocols. To the extent that the parties cannot agree on a particular protocol, they shall file letters with the Court on or before August 15, 2014, explaining why they were unable to do so.

C.    Unless and until the Court orders otherwise, no Defendant shall be required to file an Answer to any of the Amended Complaints.

II.    **Hofmann Action Class Certification Motion**

A.    Further briefing in connection with the Class Certification Motion shall take place after briefing on the Omnibus Motions to Dismiss set forth in paragraph I.A.1-I.A.3 above has been completed, as set forth in this Order.

B.    Any opposition to the Class Certification Motion shall be filed by November 21, 2014 (or such later date as the parties may mutually agree upon). Defendants in the Hofmann Action who wish to oppose the Class Certification Motion shall make all reasonable efforts to file a single, consolidated brief (the "**Consolidated Opposition**") that shall not exceed 40 pages in length. Any named Defendant (or unnamed member of the putative class) in the Hofmann Action who believes that the Consolidated Opposition does not adequately set forth such Defendant's (or member's) positions may, no later than five days after the filing of the Consolidated Opposition, file a sworn affidavit, declaration or affirmation, no longer than five pages, explaining why the Consolidated Opposition does not adequately set forth such named Defendant's (or member's) positions on class

certification and requesting leave to file a separate brief. The Litigation Trustee shall have the right, by no later than two weeks after the last such affidavit, declaration or affirmation is filed, to respond to any such separate affidavit, declaration or affirmation that is filed; provided, however, any such response shall be no longer than the affidavit, declaration or affirmation to which it responds. The Court will issue a subsequent order with respect to any request to file a separate brief (and with respect to the filing of any reply thereto).

C.    Any reply brief in support of the Class Certification Motion in response to the Consolidated Opposition shall be filed by December 23, 2014 (or such later date as the parties may mutually agree upon) and shall not exceed 25 pages in length.

D.    The hearing previously scheduled to take place on August 19, 2014 in connection with the Class Certification Motion is cancelled, without prejudice to the rights of the parties to request a conference to address any issues covered by this Order that require judicial intervention, subject to the requirement that the parties first meet and confer.

## III.    **Hearing**

A.    The Court will hear oral argument on both the Omnibus Motion to Dismiss and the Class Certification Motion on January 14, 2015 at 9:45 a.m. and, if necessary, on January 15, 2015 at 9:45 a.m. (the "**January Hearing**"), unless the Court informs the parties of an alternate date, which will be convenient to them if possible.

B.    The parties shall submit a joint written proposal to the Court setting forth a budgeted amount of time for oral argument at the January Hearing for each issue

6

raised in the Omnibus Motion to Dismiss and in the Class Certification Motion. The parties shall file such proposal no later than seven days before the commencement of the January Hearing.

IV.    **Discovery**

A.    Subject to the possibility that the parties will negotiate a protocol that provides otherwise, unless Plaintiffs have already done so, Plaintiffs may serve a document request on any Defendant that has identified itself or subsequently identifies itself in writing to Plaintiffs as a Conduit, or Non-Transferee.

B.    Any document request served on a Defendant claiming to be a Conduit or Non-Transferee may seek disclosure sufficient to identify the record and/or beneficial holders of Lyondell stock in accounts at such claimed Conduit that was paid consideration (or, in the case of a claimed Non-Transferee, sufficient to identify the record and/or beneficial holders for whom the Non-Transferee acted), in connection with the Lyondell-Basell merger, including such holders' names, mailing addresses, the number of shares of Lyondell stock they held, and/or the amount of merger consideration they received.  Each Defendant receiving such a document request reserves all rights to object to such request, including on the ground that the Defendant is located outside the United States and that any such discovery must be sought through a motion filed by the Plaintiffs with this Court for a letter of request to be sent by the Court to a court of competent jurisdiction in the country in which the foreign defendant is located seeking the entry of an order by that foreign court permitting the discovery.

C.    Except for the discovery expressly permitted in paragraphs IV.A and IV.B above,

or as otherwise agreed by the parties, all discovery in the Actions shall be stayed

until the briefing of the Class Certification Motion has concluded.  Additional

discovery shall begin promptly after the completion of all briefing on the Class

Certification Motion.  The parties shall meet and confer regarding a discovery

schedule no later than the week of January 5, 2015 (unless the parties mutually

agree upon a later date).

D.      When discovery (other than discovery referenced in paragraphs IV.A and IV.B

above) proceeds, Defendants shall be permitted to seek (among other discovery)

discovery from defendants in the adversary proceeding captioned *Weisfelner v.*

*Blavatnik*, Adv. Pro. No. 09-01375 (Bankr. S.D.N.Y.) (REG) (the "**Blavatnik**

**Action**") and from non-parties who have previously submitted to discovery in

connection with the Blavatnik Action, subject to the right of the Blavatnik Action

defendants or other third parties to object to any discovery served on them.

Plaintiffs and Defendants shall reserve all rights with respect to such discovery.

Defendants shall use their best efforts to avoid taking duplicative discovery from

any such defendant or non-party.  No party shall be permitted to take discovery

from any such defendant or non-party that would constitute harassment.


Dated: New York, New York
       July 2, 2014

                                          *s/ Robert E. Gerber*
                                          Honorable Robert E. Gerber
                                          United States Bankruptcy Judge