**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LYONDELL CHEMICAL COMPANY, *et al.*, | ) ) ) | Case No. 09-10023 (MG) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |
| EDWARD S. WEISFELNER, AS TRUSTEE OF THE LB CREDITOR TRUST, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | Adv. Pro. No. 10-04609 (MG) |
| v. | ) ) | |
| FUND 1, *et al.*, | ) ) | |
| Defendants. | ) ) | |
| | ) | |
| EDWARD S. WEISFELNER, AS TRUSTEE OF THE LB CREDITOR TRUST, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | Adv. Pro. No. 12-01570 (MG) |
| v. | ) ) | |
| STUART REICHMAN, *et al.*, | ) ) | |
| Defendants. | ) ) | |

**ORDER GRANTING SHAREHOLDER DEFENDANTS'
MOTION TO DISMISS, OR, IN THE ALTERNATIVE, FOR A STAY**

Pending before the Court are the following motions (collectively, the "Motions"): (i) *Shareholder Defendants' Motion to Dismiss, or, in the Alternative, for a Stay* (the "Fund 1 Motion," Adv. Pro. No. 10-04609, ECF Doc. # 2387) and (ii) *Shareholder Defendants' Motion to Dismiss, or, in the Alternative, for a Stay* (the "Reichman Motion," Adv. Pro. No. 12-01570, ECF Doc. # 101), as well as related pleadings thereto. For the reasons explained below, the Motions to dismiss are **GRANTED**.

## RELEVANT BACKGROUND

The *Fund 1* and *Reichman*[1] actions are related to events that transpired during the December 2007 merger of Lyondell Chemical Company ("Lyondell" or "Company") and Basell AF S.C.A. ("Basell"), pursuant to an Agreement and Plan of Merger dated July 16, 2007 (the "Merger Agreement"). On July 16, 2007, Lyondell's board of directors authorized the cash-out merger of Lyondell's shareholders for $48 per share. (Third Am. Compl. (*Fund 1*, ECF Doc. # 1941) ¶¶ 1, 258–59.) The acquisition price was funded by $22 billion of debt. (Fund 1 Mot. at 2.) Of those funds, approximately $12.5 billion was allegedly paid to former shareholders of Lyondell as consideration for their shares. (*Id.*) In January 2009, Lyondell together with most of its major operating subsidiaries (collectively, the "Debtors") filed for relief under chapter 11 of the Bankruptcy Code.

On July 21, 2009, the Court granted the official committee of unsecured creditors (the "Committee") standing to pursue certain estate claims, including claims related to the Merger. On the next day, the Committee commenced an action against, among others, Leonard Blavatnik, Blavatnik-controlled entities, the former directors and officers of Lyondell and certain Lyondell subsidiaries.

In April 2010, the Court confirmed LBI's plan of reorganization (the "Plan," Main Case # 09-10023, ECF Doc. # 3930). The Plan established two trusts: (i) the Litigation Trust that was established to prosecute various unsettled estate claims (*i.e.*, the Blavatnik action) and (ii) the Creditor Trust that was established to prosecute state law fraudulent transfer causes of action against the former shareholders of Lyondell based on their receipt of consideration in connection

---

[1]     *See Weisfelner v. Fund 1*, Adv. Pro. No. 10-04609 (Bankr. S.D.N.Y. Aug. 1, 2014) ("Fund 1"); *Weisfelner v. Reichman*, Adv. Pro. No. 12-01570 (Bankr. S.D.N.Y. Aug. 1, 2014) ("Reichman").

2

with the Merger (*i.e.*, *Fund 1* and *Reichman*).  (*Id.*)  The Debtors' unsecured creditors are the primary beneficiaries of both trusts, and Edward S. Weisfelner is the Trustee of both trusts.  (*Id.*)

After confirmation of the Plan, three fraudulent transfer adversary proceedings were commenced against certain former shareholders of Lyondell.  The plaintiffs in these proceedings sought to avoid and recover the consideration that the shareholders received in exchange for their Lyondell shares (the "Merger Consideration").

On October 22, 2010, Edward S. Weisfelner, as trustee of the LB Creditor Trust (the "Creditor Trustee"), commenced the *Fund 1* action in New York state court.  The action was subsequently removed by certain defendants to federal court.  In *Fund 1*, the Creditor Trustee asserted intentional and constructive fraudulent transfer claims under applicable state law, seeking to recover a total of approximately $5.9 million in Merger Consideration received by certain named former shareholders of Lyondell.  (Third Am. Compl., *Fund 1*, ECF Doc. # 1941.)

On December 23, 2010, Edward S. Weisfelner, as trustee of the LB Litigation Trust (the "Litigation Trustee," together with the Creditor Trustee, the "Trustee"), commenced *Weisfelner v. Hofmann*, Adv. Pro. No. 10-05525 (Bankr. S.D.N.Y.) ("Hofmann").  In *Hofmann*, the Litigation Trustee asserted intentional fraudulent transfer claims under section 548 of the Bankruptcy Code, against a putative defendant class, primarily consisting of former Lyondell shareholders that received Merger Consideration.  (Second Am. Compl., *Hofmann*, ECF Doc. # 753.)

In 2011, defendants in the *Fund 1* and *Hofmann* moved to dismiss.  The defendants argued that both the state-law fraudulent transfer claims in *Fund 1* and the federal-law constructive fraudulent transfer claims in *Hofmann* were barred by the safe harbor provision in section 546(e) of the Bankruptcy Code.  On January 14, 2014, Judge Gerber ruled on the

3

defendants' motions to dismiss, granting in part and denying in part. *Weisfelner v. Fund 1 (In re Lyondell Chem. Co.)*, 503 B.R. 348 (Bankr. S.D.N.Y. 2014) (the "January 2014 Decision"). The Court later applied its holding in *Fund 1* to the complaints in *Reichman* and *Hofmann*. (*See* Scheduling Order, *Reichman*, ECF Doc. # 22 at 2; Scheduling Order, *Hofmann*, ECF Doc. # 746.) The Court granted the defendants' motion to dismiss the intentional fraudulent transfer claim, but granted the Trustee leave to replead. The Court denied defendants' motion to dismiss the state-law fraudulent transfer claim on preemption grounds, holding that section 546(e) does not preempt, and thus does not bar, the Trustee's state-law fraudulent transfer claims in *Fund 1* (and similarly, *Reichman*).

On December 19, 2011, the Creditor Trustee commenced a putative defendant class action, asserting state law intentional and constructive fraudulent transfer claims against a class of former Lyondell shareholders that received Merger Consideration and are not named defendants in *Fund 1*, or in *Weisfelner v. Blavatnik*, Adv. Pro. No. 09-1375 (Bankr. S.D.N.Y.) (Am. Compl., *Reichman*, ECF Doc. # 27.) The action was subsequently removed by certain defendants to federal court.

Following the Court's January 2014 decision referenced above, the Trustee filed amended complaints in the *Fund 1*, *Hofmann*, and *Reichman* actions to replead the intentional fraudulent transfer claims. On July 30, 2014, defendants again filed motions to dismiss the three clawback actions. On November 18, 2015, Judge Gerber granted defendants' motion to dismiss the intentional fraudulent transfer claims in all three clawback actions, but again declined to dismiss the state-law constructive fraudulent transfer claims in *Fund 1* and *Reichman*. *Weisfelner v. Fund 1 (In re Lyondell Chem. Co.)*, 541 B.R. 172, 196, 201 (Bankr. S.D.N.Y.

4

2015) ("November 2015 Decision").  On December 8, 2015 the Court entered a judgment dismissing *Hofmann* with prejudice.

The Court also denied a motion for reconsideration of the November 2015 decision with respect to state-law constructive fraudulent transfer claims, holding that the motion did "not materially add to matters previously argued and rejected, nor call this Court's attention to facts or authority it overlooked." (Mem. Endorsed Order, *Fund 1* (ECF Doc. # 2360); Mot. for Partial Reconsideration, *Fund 1* (ECF Doc. # 2353).)  The Litigation Trustee has appealed the Court's ruling in *Hofmann*, and such appeal has been fully briefed and is *sub judice* before United States District Court Judge Denise Cote.

## **DISCUSSION**

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable here by Rule 7012 of the Federal Rules of Bankruptcy Procedure, a complaint need only allege "enough facts to state a claim for relief that is plausible on its face." *Vaughn v. Air Line Pilots Ass'n, Int'l*, 604 F.3d 703, 709 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis removed)).  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (citation and internal quotation marks omitted).  Plausibility "is not akin to a probability requirement," but rather requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation and internal quotation marks omitted).

Courts use a two-prong approach when considering a motion to dismiss. *Pension Benefit Guar. Corp. v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717 (2d Cir. 2013) (stating that motion to dismiss standard "creates a 'two-pronged approach' . . . based on '[t]wo working principles'") (quoting *Iqbal*, 556 U.S. at 678–79); *McHale v. Citibank, N.A. (In re the 1031 Tax*

5

    Pg 6 of 9

*Grp., LLC)*, 420 B.R. 178, 189–90 (Bankr. S.D.N.Y. 2009).  First, the court must accept all well plead factual allegations in the complaint as true, discounting legal conclusions clothed in factual garb.  *See, e.g.*, *Iqbal*, 556 U.S. at 677–78; *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (stating that a court must "assum[e] all well-pleaded, nonconclusory factual allegations in the complaint to be true") (citing *Iqbal*, 556 U.S. at 678).  Second, the court must determine if these well-pleaded factual allegations state a "plausible claim for relief."  *Iqbal*, 556 U.S. at 679 (citation omitted).

Courts do not make plausibility determinations in a vacuum; it is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted).  A claim is plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citation omitted).  A complaint that pleads only facts that are "merely consistent with" a defendant's liability does not meet the plausibility requirement.  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted).  "The pleadings must create the possibility of a right to relief that is more than speculative." *Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 183 (2d Cir. 2008) (citation omitted).

On a motion to dismiss, in addition to the complaint, a court may consider written instruments, such as a contract, that are either attached to the complaint or incorporated by reference.  *See, e.g.*, FED. R. CIV. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *The Official Comm. of Unsecured Creditors*

*v. Conseco Fin. Servicing Corp. (In re Lois/USA, Inc.)*, 264 B.R. 69, 89 (Bankr. S.D.N.Y. 2001) ("In addition to the complaint itself, a court may consider, on a motion to dismiss, the contents of any documents attached to the complaint or incorporated by reference . . . .").

Section 546(e) provides, in relevant part, that a trustee may not avoid a transfer that is either (i) a "settlement payment" made by or to (or for the benefit of) a financial institution or financial participant, or (ii) made by or to (or for the benefit of) a financial institution or financial participant in connection with a "securities contract." 11 U.S.C. § 546(e). Section 546(e) provides, in pertinent part, as follows:

> Notwithstanding sections [547 and 548(a)(1)(B)], the trustee may not avoid a transfer that is a . . . settlement payment, as defined in section 101 or 741 of this title, made by or to (or for the benefit of) a . . . financial institution [or] financial participant, . . . , or that is a transfer made by or to (or for the benefit of) a . . . financial institution [or] financial participant . . . in connection with a securities contract, as defined in section 741(7), . . . that is made before the commencement of the case, except under section 548(a)(1)(A) of this title.

11 U.S.C. § 546(e).

The Second Circuit expounded on the scope of the section 546(e) safe harbor provision in *In re Tribune Co. Fraudulent Conveyance Litig.*, 818 F.3d 98 (2d Cir. 2016). In *Tribune*, the Second Circuit—in addressing facts similar to the facts in this case—held that state law constructive fraudulent transfer claims brought by creditors against the debtor's former shareholders to recover amounts they received in connection with a prepetition leveraged buyout ("LBO") were preempted by section 546(e). *Id.* at 124. The Second Circuit rejected the notion that section 546(e) does not apply "when monetary damages are sought only from shareholders, or an LBO is involved," and instead confirmed that "Section 546(e)'s language clearly covers payments . . . by commercial firms to financial intermediaries to purchase shares from the firm's

7

shareholders." *Id.* at 120 (citations omitted). In other words, under *Tribune*, payments made in connection with transactions involving an LBO are no different in the eyes of the statute. *See id.* at 122.

The facts in this case are clearly decided by *Tribune*. In fact, as stated above, the Second Circuit stated that "[s]ection 546(e) clearly covers payments, such as those at issue [in *Tribune*], by commercial firms to financial intermediaries to purchase shares from the firm's shareholders." *Tribune*, 818 F.3d at 120 (citations omitted). Moreover, the Second Circuit expressly stated that the extraordinary breadth of section 546(e) covers cash out payments to shareholders in an LBO. *Id.* at 122 (stating "concern has been expressed that LBOs are different from other transactions in ways penitent to the Bankruptcy Code. However, the language of Section 546(e) does not exempt from its protection payments by firms to intermediaries to fund ensuing payments to shareholders for stock." (internal citations omitted).) Accordingly, the Trustee's constructive fraudulent conveyance claims in these actions are barred by the safe harbor of section 546(e).

The alternate relief seeking a stay of the action, requested in the Motions and also, separately, by the Trustee is **DENIED**. *Tribune* clearly controls the disposition of these Motions. There is no "circuit split" with respect to the legal principles set forth in *Tribune*. *But see PAH Litigation Trust (In re Physiotherapy Holdings, Inc.)*, Adv. Proc. No. 15-51238 (KG), 2016 WL 3611831, at *7 (Bankr. D. Del. Jun. 20, 2016) ("Although *Tribune II* settled the split in the Second Circuit, it is nevertheless not binding on this Court. The Court finds the reasoning in *Lyondell* more persuasive and therefore adopts its holding."). Trial of the *Lyondell* actions has been scheduled for October 2016. The Court concludes that there is no reason to stay the actions awaiting the filing of a certiorari petition and action by the Supreme Court in *Tribune*.

## **CONCLUSION**

Because granting the motions to dismiss will result in the dismissal of these cases with prejudice, a bankruptcy court does not have authority to enter a final order or judgment in these cases absent consent of the parties, which has not been given.  Therefore, this Order shall be treated as proposed findings of fact and conclusions of law, subject to the objection procedure in Federal Rule of Bankruptcy Procedure 9033.  Final judgment must be entered by the district court.

For the forgoing reasons, the Motions are **GRANTED**.

**IT IS SO ORDERED.**

Dated:   July 20, 2016
         New York, New York

                                                        ____*Martin Glenn*____
                                                        MARTIN GLENN
                                                        United States Bankruptcy Judge